## Ephraim Merriam *versus* The Middlesex Mutual Fire Insurance Company.

By an act incorporating an insurance company it is provided, that if any alteration shall be made in any building by the proprietor thereof, after insurance has been made thereon with the company, whereby it may be exposed to greater risk from fire, the insurance shall be void, unless an additional premium and deposit after such alteration, be settled with and paid to the company ; but no alterations or repairs not increasing the risk, shall affect the insurance.   In an action on a policy under this act, the jury were instructed, that the alteration must have been sucn that a higher rate of premium would have been demanded to insure the building in its altered state than before, otherwise the alteration would not be material.   It was *held*, that the instruction was correct ; and that in the case of a material alteration it was not necessary, in order to avoid the policy, for the company to show that the loss had been occasioned by the alteration.

Assumpsit upon a policy of insurance against fire, to recover for a loss which happened on March 3, 1836.   Trial before *Morton* J.   The building insured was in Lowell.   It was a block of wooden houses, divided into two parts by a brick wall, running east and west.   The fire originated in the southerly part, which was consumed down to the ground floor. The northerly part was but slightly burnt.

The defendants insisted that the fire was occasioned by the gross carelessness and negligence of the plaintiff, and that he had altered his building after effecting insurance, in such a manner as to make it more hazardous in regard to fire, and so had avoided the policy.

There was evidence tending to show, that after the insurance had been effected, stoves were put up in the northerly part of the block ; that the tenants applied to the plaintiff to put up stoves n their rooms, but that he refused, saying they had fire-places, and if they wanted stoves, they must procure them at their own expense ; and that the tenants put in the stoves themselves and in a careless and unsafe manner.

The jury were instructed, that an alteration of the building, after insurance, without the consent of the insurers, so as to make the building more exposed to fire, would render the policy void ; but that the alteration must be such that a higher rate of premium would be demanded to insure the building in he altered state than would be demanded before such altera-ion ; otherwise the alteration would not be material.

The jury found a verdict for the defendants.

The plaintiff moved for a new trial, because the jury were misinstructed, and because the verdict was against the evidence and the weight of the evidence. .

*H. H. Fuller*, in support of the motion, contended that if an alteration was made, increasing the risk, but without fraud, and the fire was not occasioned by the alteration, it would not avoid the policy. *Stebbins* v. *Globe Ins. Co.* 2 Hall, (New York,) 647 ; 2 Phillips on Ins. 177, 178 ; *Dobson* v. *Sothe-by*, 1 Moody & Malkin, 90 ; Ellis on Insurance, 58, 59 ; *Jolly* v. *Baltimore Equitable Society, &c.* 1 Harr. & Gill, 300.

Even if the loss happens through the carelessness or mis-conduct of the agents or tenants of the assured, there being no fraud on his part, he is entitled to recover. *Patapsco Ins. Co.* v. *Coulter*, 3 Peters, 222 ; *Columbia Ins. Co.* v. *Lawrence*, 10 Peters, 517 ; Hughes on Insurance, 507 ; 2 Phillips on Ins. 182 ; *Catlin* v. *Springfield Fire Ins. Co.* 1 Sumner, 444.

The 13th section of the act incorporating the defendants, [recited in the opinion of the Court,] does not intend to modify the general principles of insurance

*Merriam*
*v.*
*Middlesex*
*Mutual Fire*
*Ins. Co.*

*Jan. 28th,*
*1839,*
*at Boston.*

Merriam
v.
Middlesex
Mutual Fire
Ins. Co.

Feb. 1st, in
Boston.

*Hosmer* and *J. Keyes*, for the defendants, cited the act of incorporation (*St.* 1825, *c.* 141, § 13) ; *Curry* v. *Commonwealth Ins. Co.* 10 Pick. 535.

WILDE J. delivered the opinion of the Court. The plaintiff moves for a new trial for a supposed misdirection to the jury in matter of law ; and because the verdict is against the weight of the evidence.

The defendants, at the trial, relied on several grounds of defence, only one of which, however, is material in the decision of the present motion.

The ground on which the jury found their verdict was, that after the plaintiff had effected the insurance, and before the fire, the building insured had been altered by the tenants of the plaintiff, and with his consent, in such a manner as to expose it more to the hazard of fire, and that thereby the policy, by the terms of it, was rendered null and void. The evidence reported has a tendency to show that such an alteration had been made with the knowledge and the permission of the plaintiff, and thereupon the jury were instructed, that if they should be satisfied that any such alteration had been so made, it would avoid the policy ; " but that the alteration must have been such, that a higher rate of premium would have been demanded, to insure the building in its altered state, than would be demanded before such alteration ; otherwise the alteration would not be material." To these instructions the plaintiff's counsel excepted, and they contend that no such alteration would avoid the policy, unless it could be shown that the loss was occasioned by the alteration. In support of this exception the case of *Stebbins* v. *The Globe Ins. Co.* 2 Hall, (New York,) 632, and other authorities, are relied on ; but they are not applicable, as the terms of the policies in those cases and the present materially differ.

This policy was made in pursuance of § 13 of the defendants' act of incorporation, (*St.* 1825, *c.* 141,) which provides, " that if any alteration should be made in any house or building, by the proprietor thereof, after insurance has been made thereon, with said company, whereby it may be exposed to greater risk or hazard, from fire, than it was at the time it was insured, then, in every such case, the insurance made upon

such house or building, shall be void, unless an additional premium and deposit, after such alteration, be settled with, and paid to, the directors ; but no alterations or repairs, in buildings, not increasing such risk or hazard, shall in anywise affect the insurance previously made thereon."

This being the contract between the parties in this particular, there can be no question that the instructions to the jury were perfectly correct.

In respect to the motion to set aside the verdict, as one against the weight of the evidence, we are of opinion, that the weight of the evidence is in favor of the verdict, and certainly not against it. The most that can be said in favor of the motion is, that the evidence was in some respects conflicting, and upon such evidence the finding of the jury is not to be disturbed.

*Judgment on the verdict.*